# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KERRY EUGENE MILLS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. CIV-15-619-D |
| | ) |
| JASON BRYANT, Warden | ) |
| Oklahoma Department of | ) |
| Corrections, | ) |
| | ) |
| Respondent. | ) |

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing pro se, seeks a writ of habeas corpus under 28 U.S.C. § 2254. Doc. 1. United States District Court Judge Timothy D. DeGiusti has referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). In accordance with Rule 4 of the Rules Governing Section 2254 Cases, the undersigned has examined the petition and taken judicial notice of various state court records.[1] After review, the undersigned recommends that the court dismiss the petition on screening.

---

[1] *See United States v. Pursley*, 577 F.3d 1204, 1214 n.6 (10th Cir. 2009) (exercising discretion "to take judicial notice of publicly-filed records in [this] court and certain other courts concerning matters that bear directly upon the disposition of the case at hand").

## I. Background.

Petitioner pleaded guilty to multiple crimes in Greer County District Court, Case Nos. CF-2009-40 and CF-2009-51, and "was deferred into drug court." Doc. 1, at 2.[2] In August 2013, officials terminated Petitioner from drug court, *id.* at 5, and Petitioner attempted unsuccessfully to withdraw his guilty pleas. *Id.* at 2-7. According to Petitioner, in his final attempt to secure an appeal out of time, he filed applications for post-conviction relief on January 26, 2015. *Id.* at 4. The State responded on February 3, 2015, and Petitioner claims that the applications are still pending in Greer County District Court. *Id.*[3]

## II. Analysis.

In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court held that federal courts should not intervene in state criminal prosecutions begun before institution of a federal suit when the state court proceedings are (1) ongoing, (2) offer an adequate forum for a defendant's federal claims, and (3) implicate important state interests. *Id.* at 43-44; *see Middlesex County Ethics*

---

[2] All page citations refer to the court's CM/ECF pagination.

[3] The Greer County District Court docket sheets confirm Petitioner's statement. *See* On Demand Court Records, *State v. Mills*, Case No. CF-2009-40, District Court in and for Greer County, Oklahoma http://www1.odcr.com/detail?court=028-&casekey=028-CF++0900040 (last accessed June 10, 2015); *State v. Mills*, Case No. CF-2009-51, District Court in and for Greer County, Oklahoma http://www1.odcr.com/detail?court=028-&casekey=028-CF++0900051 (last accessed June 10, 2015).

*Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). "[T]he district court must abstain once the conditions are met, absent extraordinary circumstances." *Weitzel v. Div. of Occupational & Prof'l Licensing of Dep't of Commerce*, 240 F.3d 871, 875 (10th Cir. 2001) (quotation omitted). And, "*Younger* governs whenever the requested relief would interfere with the state court's ability to conduct proceedings, regardless of whether the relief targets the conduct of a proceeding directly." *Joseph A. ex rel. Corrine Wolfe v. Ingram*, 275 F.3d 1253, 1272 (10th Cir. 2002) (citations omitted). Exceptions exist for "bad faith or harassment," prosecution under a statute that is "'flagrantly and patently'" unconstitutional, or other "extraordinary circumstances" involving irreparable injury. *Younger*, 401 U.S. at 46-55 (citation omitted); *Amanatullah v. Colo. Bd. of Med. Exam'rs*, 187 F.3d 1160, 1165 (10th Cir. 1999). But, Petitioner has a "'heavy burden'" of establishing an exception to the *Younger* abstention doctrine. *Phelps v. Hamilton*, 122 F.3d 885, 889 (10th Cir. 1997) (citation omitted).

Based on the foregoing, the undersigned recommends that the court abstain in this case. Petitioner alleges, and the Greer County District Court dockets confirm, that his applications for post-conviction relief are still pending; thus, Petitioner's criminal cases are ongoing. *See Carbajal v. Hotsenpiller*, 524 F. App'x 425, 428 (10th Cir. 2013) (holding that plaintiff's pending application for post-conviction relief satisfied *Younger's* first

condition that state criminal proceedings be "ongoing"). Further, while Petitioner complains that the state court judge has yet to rule on his applications for post-conviction relief, he does not sufficiently allege that the state court forum is inadequate. *See id.* (finding that plaintiff "has not demonstrated that the state courts provide an inadequate forum; to the extent the trial court has failed to rule on his motion, [plaintiff] should have sought mandamus relief from the state courts rather than requesting federal court intervention").[4] And, "'Oklahoma has an important interest in enforcing its criminal laws through criminal proceedings in the state's courts.'" *Green v. Whetsel*, 166 F. App'x 375, 376 (10th Cir. 2006) (citation omitted). Finally, Petitioner's petition does not allege any bad faith, harassment, or other extraordinary circumstances.

In sum, *Younger* requires the court to abstain while Petitioner's applications for post-conviction relief are pending in state court, and Petitioner has not met the heavy burden to show otherwise. *See Carbajal*, 524 F. App'x at 428-29 (affirming the district court's dismissal under *Younger* where plaintiff's relevant claims were the subject of a still-pending application for post-conviction relief in state court).

---

[4] Indeed, Petitioner understands that he may file a writ of mandamus to remedy the state court's inaction, Doc. 1, at 4, but he has yet to do so. *See id.*, *passim*; *see also supra* n.3 (citing to the relevant Greer County District Court dockets).

### III. Recommendation and notice of right to object.

The undersigned finds that the court should abstain from hearing Petitioner's claims under *Younger* and recommends that the court dismiss the habeas petition without prejudice on screening.

The undersigned advises Petitioner of his right to object to this report and recommendation by the 2nd day of July, 2015 under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). The undersigned further advises Petitioner that failure to make timely objection to this report and recommendation waives his right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). Finally, this recommendation serves as Petitioner's opportunity to further address any arguments related to the *Younger* issue. *See Smith v. Dorsey*, No. 93-2229, 1994 WL 396069, at *3 (10th Cir. July 29, 1994) (unpublished op.) (noting no "due process problem" when the magistrate judge raised an issue sua sponte where petitioner could address the matter in an objection to the report and recommendation).

The Clerk of the Court is instructed to electronically forward a copy of this report and recommendation to the Oklahoma Attorney General on behalf of Respondent at the following address: fhc.docket@oag.state.ok.us.

This report and recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

ENTERED this 12th day of June, 2015.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE