# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| KERRY EUGENE MILLS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-15-619-D |
| | ) | |
| JASON BRYANT, Warden, | ) | |
| Oklahoma Department of | ) | |
| Corrections, | ) | |
| | ) | |
| Respondent. | ) | |

## **O R D E R**

Petitioner Kerry Eugene Mills, a state prisoner appearing pro se, filed this action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to United States Magistrate Judge Suzanne Mitchell for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). After examining the petition and taking judicial notice of various public records, Judge Mitchell recommended that the Court abstain from hearing Petitioner's claims and dismiss the petition pursuant to *Younger v. Harris*, 401 U.S. 37 (1971), because Petitioner had two applications for post-conviction relief that were pending in state court. Report and Recommendation at 3 [Doc. No. 8]. Petitioner timely filed his objection.

In *Younger*, the Supreme Court held that federal courts should not intervene in state criminal proceedings before institution of a federal suit where the state

proceedings are (1) ongoing, (2) offer an adequate forum for the defendant's federal claims, and (3) implicate important state interests. *Id.* at 43-44; *Brown ex rel. Brown v. Day*, 555 F.3d 882, 887 (10th Cir. 2009). Nevertheless, "th[e] [C]ourt must keep in mind that abstention 'is the exception, not the rule,' and hence should be 'rarely ... invoked, because the federal courts have a virtually unflagging obligation ... to exercise the jurisdiction given them.'" *Id.* (quoting *Ankenbrandt v. Richards*, 504 U.S. 689, 705 (1992)). Still, "*Younger* abstention is 'non-discretionary ... absent extraordinary circumstances,' if the three conditions are indeed satisfied." *Id.* (quoting *Amanatullah v. Colo. Bd. of Med. Exam'rs*, 187 F.3d 1160, 1163 (10th Cir. 1999)).

As noted, the initial *Younger* prong requires the Court to determine whether there is an ongoing state proceeding. Based on the Court's own review of the state court proceedings, it now appears that both applications were denied by the state district court on December 14, 2015, and its decision was affirmed by the Oklahoma Court of Criminal Appeals on March 29, 2016. Mandate was issued the same day. Since subsequent developments reveal that there no longer appears to be an ongoing criminal proceeding for *Younger* abstention purposes, the Court holds this case is not the type that warrants abstention.

Accordingly, this matter is re-referred to the magistrate judge for further proceedings consistent with the initial case referral order [Doc. No. 5].

**IT IS SO ORDERED** this  29th  day of April, 2016.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE