IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| KERRY EUGENE MILLS, | ) | |
|---|---|---|
| Petitioner, | ) | |
| vs. | ) | Case No. CIV-15-619-D |
| JASON BRYANT, Warden Oklahoma Department of Corrections, | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

Petitioner, appearing pro se, seeks a writ of habeas corpus under 28 U.S.C. § 2254. Doc. 1. United States District Judge Timothy D. DeGiusti referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). Docs. 5, 13.[1] Respondent filed a response, Doc. 18, and Petitioner replied, Doc. 21. For the reasons set forth below, the undersigned recommends the court grant Petitioner a conditional writ of habeas corpus.

---

[1] After the first referral, the undersigned recommended the court abstain from considering the petition, as Petitioner had claims still pending in state court. Doc. 8. After the recommendation, the state courts denied Petitioner's pending application, thus negating the need for abstention. Doc. 13. Judge DeGiusti then referred the matter back to the undersigned. *Id.*

## I. Procedural history.

Petitioner pleaded guilty to multiple crimes in Greer County District Court, Case Nos. CF-2009-40 and 51, and "was deferred into drug court." Doc. 1, at 2.[2] In August 2013, officials terminated Petitioner from drug court, *id.* at 5, and in September 2013, the trial court sentenced Petitioner on the underlying crimes. *Id.* at 1. Later the same month, Petitioner moved to withdraw his guilty pleas, and the trial court denied the motion in October 2013. Doc. 18, Ex. 15, at 8.

Petitioner's attorney appealed, but used "the 'wrong' paperwork," resulting in an appeal that challenged only the state court's denial of his motion to withdraw the guilty pleas. *Id.* at 6 & Ex. 18, at 1; Doc. 1, at 12. As Respondent acknowledges, "Petitioner clearly intended to appeal his termination from drug court and his appeal was improperly perfected by his attorney as a certiorari appeal challenging only his plea of guilty." Doc. 18, at 8.

Frustrated that his attorney did nothing to correct the error, Petitioner filed in December 2013 a pro se application for post-conviction relief, seeking an appeal out of time to challenge the drug court termination. Doc. 1, at 12; Doc. 18, Ex. 18. The trial court denied the application the same month. *Id.*

---

[2] All page citations refer to the court's CM/ECF pagination.

Ex. 19. Petitioner appealed the trial court's decision to the OCCA. *Id.* Ex. 20. In February 2014, Petitioner's attorney filed his petition-in-error brief with the Oklahoma Court of Criminal Appeals (OCCA), still challenging only Petitioner's guilty plea entries. *Id.* Ex. 15. Two months later, in April 2014, the OCCA denied Petitioner's pro se appeal from the district court's rejection, referencing the petition filed by his attorney to find the issue "moot" because "Petitioner already has [an appeal] pending before this Court. In that appeal, Petitioner has the opportunity to appeal both the validity of his Drug Court termination order and the validity of his pleas in Case Nos. CF-2009-40 and CF-2009-51." *Id.* Ex. 21. at 1.

Based on the OCCA's statement, Petitioner's attorney in June 2014 applied to file a supplemental petition-in-error brief before the appellate court to raise the claims relating to Petitioner's drug court termination. *Id.* Ex. 16. Later the same month, the OCCA issued an order affirming Petitioner's guilty plea convictions and denying Petitioner's request to supplement the appeal. *Id.* Ex. 17. In a footnote, the court wrote:

> [Petitioner] could have challenged both his termination from Drug Court and the validity of his plea together in his certiorari appeal. Appellate counsel knew that [Petitioner's] conviction and sentence stemmed from his termination from Drug Court and yet did not take the necessary steps to timely challenge the termination and plea in one appeal. If [Petitioner] wishes to challenge his termination from Drug Court, he should seek the appropriate relief in the District Court.

*Id.* Ex. 17, at 2 n.2.

Petitioner then obtained new counsel, who in October 2014 mistakenly filed a petition-in-error directly with the OCCA challenging the drug court termination. *Id.* Ex. 22. The OCCA dismissed the appeal in December 2014, holding the appeal was untimely and noting "[Petitioner] has [not been] granted an appeal out of time." *Id.* Ex. 23, at 2.

In January 2015, the attorney filed Petitioner's second application for post-conviction relief seeking an appeal out of time. *Id.* Ex. 24. Petitioner's attorney explained Petitioner had "wished to appeal from the drug court [termination]" but his first attorney had filed the wrong appeal. *Id.* Ex. 24, at 1. The trial court denied the application almost a year later, in December 2015. *Id.* Ex. 25. Petitioner appealed to the OCCA, which denied relief in March 2016, holding:

> Petitioner's request for an appeal out of time from his termination from Drug Court was raised and could have been fully addressed in his previous application for post-conviction relief. Petitioner has not established any sufficient reason why that ground for relief was inadequately raised in his prior application.

*Id.* Ex. 27, at 3. As the Respondent agrees, the OCCA "did not recognize it had denied the first post-conviction application seeking an appeal out of time as 'moot' because of a pending appeal." Doc. 18, at 7.

4

## II. Petitioner's claims.

Initially, Petitioner raised eight claims for relief, all appearing to relate to his drug court termination. Doc. 1, at 4-15.[3] Petitioner asked the court to reverse his sentences and release him from confinement because "[he] should have never been terminated . . . ." *Id.* at 19. Petitioner also sought "any other relief to which [he] may be entitled." *Id.* In his reply, Petitioner asks the court to interpret his request for relief as "asking for a direct appeal out of time" and specifically states: "Petitioner does not want this court to review these issues de novo, because the issues only raise statutory claims that require no relief in federal court, but do raise reversible issues in state court." Doc. 21, at 1. Petitioner asks the court to "grant him a conditional writ so he can present these issues to the state's highest court." *Id.*

The undersigned interprets Petitioner's reply as dismissing without prejudice all claims except Ground Six, wherein he alleges ineffective assistance of appellate counsel denied him his constitutional right to a direct appeal.

---

[3] Petitioner's Ground Seven challenged his sentence as excessive, but the trial court imposed that sentence as a direct result of the drug court termination. Doc. 1, at 13-14. Because they are intertwined, the undersigned construes the allegation as relating to the drug court termination.

5

## III. Analysis.

In Ground Six, Petitioner claims his appellate attorney failed to file the proper appeal, resulting in a direct appeal that challenged the denial of his motion to withdraw his guilty pleas, rather than his drug court termination. Doc. 1, at 12.

### A. Standard for review.

As discussed above, Petitioner raised this issue twice in state court, and the OCCA applied a procedural bar to the claim. *See supra* § I. However, Respondent acknowledges the OCCA "improperly reviewed the record and applied a procedural bar based upon a misreading of the record." Doc. 18, at 8.[4] So, the court may reach the claim's merits. *See Stouffer v. Trammell*, 738 F.3d 1205, 1213 (10th Cir. 2013) (finding the OCCA did not address the merits of petitioner's claim, but proceeding to the merits of the claim on habeas review because "[t]he parties agree that the OCCA misread the record [when it found] . . . that the jury tampering claim was not addressed on direct appeal").

---

[4] Having conceded Petitioner can overcome the procedural bar, Respondent asks the court to reach the merits of Petitioner's unexhausted claims (Grounds One, Two, Three, Four, Five, Seven and Eight) on independent review. Doc. 18, at 11-13. However, Petitioner asked the court *not* to review those claims, and the undersigned has construed his reply as dismissing those grounds for relief without prejudice. *See supra* § II, at 5.

6

"Because the OCCA did not consider the merits of this claim, 'our standard of review is more searching' than our review of issues that have been resolved on the merits by the state court." *Id.* (citation omitted); *see also Littlejohn v. Trammell*, 704 F.3d 817, 825 (10th Cir. 2013) ("For federal habeas claims not adjudicated on the merits in state-court proceedings, we exercise our 'independent judgment[.]'" (citation omitted)). In such a situation, Petitioner must show a constitutional violation by a preponderance of the evidence. *See Beeler v. Crouse*, 332 F.2d 783, 783 (10th Cir. 1964) (per curiam); *see also Sa'Ra v. Raemisch*, 536 F. App'x 783, 787-88 (10th Cir. 2013) ("Our independent judgment is affected by allocation of the underlying burden of persuasion. That burden falls on the Petitioner, who must show a constitutional violation by a preponderance of the evidence.").

**B. Standard for relief.**

Generally, to succeed on a habeas claim involving ineffective assistance, a petitioner must show: (1) his counsel's performance was deficient and (2) he suffered prejudice as a result. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). However, because Petitioner claims his appellate counsel's performance denied him his constitutional right to a direct appeal, he need only show the attorney's conduct "fell below an objective standard of reasonableness." *Romero v. Tansy*, 46 F.3d 1024,

7

1030(10th Cir. 1995) ("[T]his court has held that where a defendant claims that counsel was ineffective for failing to perfect an appeal, he must only satisfy the first prong of the *Strickland* test—that counsel's performance fell below an objective standard of reasonableness."). When reviewing such a claim, the court "'do[es] not consider the merits of arguments that the defendant might have made on appeal,' instead, 'prejudice is presumed.'" *Id*. (citation omitted); *see also Johnson v. Champion*, 288 F.3d 1215, 1230 (10th Cir. 2002) (on the claim appellate counsel's ineffectiveness denied petitioner a direct appeal, "[p]rejudice is presumed").[5]

## C. Independent review.

Based on the foregoing, the relevant questions on independent review are: (1) has Petitioner established his appellate counsel's conduct denied him a direct appeal, and (2) if so, what is the proper remedy? The answers are found in *Johnson*, and *Clayton v. Jones*, 700 F.3d 435 (10th Cir. 2012).

As here, the petitioner in *Johnson* alleged his ineffective appellate attorney's error had denied him his constitutional right to a direct appeal in

---

[5] Respondent argues appellate counsel's conduct did not actually prejudice Petitioner because he would have been unsuccessful on a direct appeal of his drug court termination. Doc. 18, at 31-44. Because precedent directs the court to assume prejudice and not to consider the arguments Petitioner might have raised on direct appeal, the undersigned has not addressed Respondent's arguments.

state court. 288 F.3d at 1233. The Tenth Circuit held "[i]t is uncontroverted that Johnson's appellate counsel was negligent in failing to timely file an appellate brief. Not only did counsel repeatedly acknowledge his own negligence during the course of the state post-conviction proceedings, the state district court ultimately agreed that Johnson's appellate counsel was negligent." *Id.* at 1229. "Where, as here, appellate counsel negligently fails to perfect an appeal, counsel's failure necessarily constitutes ineffective assistance." *Id.*

In *Clayton*, the district court found sufficient evidence petitioner's attorney had repeatedly ignored requests to file a motion to withdraw his guilty pleas. *See* 700 F.3d at 438-41. The Tenth Circuit affirmed the district court's grant of habeas relief "'because appeals are a part of the criminal process, [and] a defendant is denied effective assistance of counsel if he asks his lawyer to perfect an appeal and the lawyer fails to do so by failing to file a brief, a statement of appeal, or otherwise.'" *Id.* at 442.

Here, Petitioner's attorneys acknowledged the error, Doc. 18, Exs. 16, 24, and the OCCA held: "Appellate counsel knew that [Petitioner's] conviction and sentence stemmed from his termination from Drug Court and yet did not take the necessary steps to timely challenge the termination and plea in one appeal." *Id.* Ex. 17, at 2 n.2. Further, Respondent openly

9

acknowledges Petitioner "clearly intended to appeal his termination from drug court and his appeal was improperly perfected by his attorney as a certiorari appeal challenging only his plea of guilty," and thus "concedes . . . [Petitioner's] attorney failed to properly perfect an appeal of his termination from drug court." *Id.* at 8, 10.

Based on the factual and legal similarities, the undersigned finds *Johnson* and *Clayton* persuasive and applicable to the present action.[6] And because the parties agree Petitioner's appellate attorney failed to file a requested appeal to the drug court termination, the preponderance of the evidence indicates his conduct constituted ineffective assistance of counsel. Prejudice is presumed, so the undersigned finds Petitioner is entitled to habeas relief. *See Johnson*, 288 F.3d at 1229-30; *Clayton*, 700 F.3d at 442-43 (10th Cir. 2012).

---

[6] Respondent recognizes the similarities between Petitioner's case and the circumstances in *Johnson*, but argues the two can be distinguished because the petitioner in *Johnson* specifically sought habeas relief in an effort to obtain a direct appeal, whereas Petitioner requested habeas relief based on the merits of his underlying claims. Doc. 18, at 10-11. But Petitioner has dismissed his remaining claims. *See supra* § II. Moreover, he also asked for "any other relief to which [he] may be entitled," Doc. 1, at 19, and in his reply asked for a return to state court. Doc. 21. Finally, what relief a pro se litigant requests is not dispositive; "[f]ederal courts are authorized under 28 U.S.C. § 2243 to 'dispose of the matter as law and justice require'" and thus have "broad discretion to craft appropriate habeas relief." *Clayton*, 700 F.3d at 443 (citation omitted).

The next question involves relief. In this circuit, "the appropriate relief . . . [is] to grant a writ of habeas corpus ordering the petitioner's release unless state authorities afford him an appeal out of time." *Johnson*, 288 F.3d at 1230; *Clayton*, 700 F.3d at 443. So, the undersigned recommends:

> [The court hold the case] in abeyance for no longer than ninety days during which time the State of Oklahoma, by whatever procedure it deems appropriate, may grant [Petitioner] leave to appeal out of time and provide him with assistance of counsel. If Oklahoma grants leave to appeal out of time, [the court shall dismiss the petition]. If the State fails to grant the appeal within ninety days from the date [the court adopts this recommendation], the writ shall issue releasing [Petitioner].

*Johnson v. Champion*, Case No. CIV-98-1453-L, Doc. 33 (W.D. Okla. May 29, 2002) (unpublished district court order) (quoting *Johnson* 288 F.3d at 1230)); *see also Clayton v. Jones*, 511 F. App'x 813, 814 (10th Cir. 2013) (directing the district court to allow the State of Oklahoma ninety days to grant petitioner "an appeal out of time," and instructing the court to dismiss the petition if the State complied and to issue a "writ releasing" the petitioner if it did not). The court should direct Respondent to timely notify the court as to the State of Oklahoma's compliance or noncompliance.

**IV.  Recommended ruling and notice of right to object.**

For the reasons discussed above, the undersigned recommends the court grant Petitioner a conditional writ of habeas corpus on Ground Six.

The undersigned advises the parties of their right to object to this report and recommendation by August 22, 2016, under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). The undersigned further advises the parties that failure to make timely objection to this report and recommendation waives their right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This report and recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

Entered this 1st day of August, 2016.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE