# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KERRY EUGENE MILLS, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>JASON BRYANT, Warden, )<br>Oklahoma Department of )<br>Corrections, )<br>)<br>Respondent. ) | Case No. CIV-15-619-D |

## REPORT AND RECOMMENDATION

Petitioner, appearing pro se, sought a writ of habeas corpus under 28 U.S.C. § 2254, Doc. 1, and United States District Judge Timothy D. DeGiusti referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). Finding Petitioner had been denied his right to a direct appeal through ineffective assistance of counsel, the undersigned recommended the court grant Petitioner a conditional writ of habeas corpus. Doc. 22. The court did so, ordering:

> The present case shall be held in abeyance for no longer than ninety (90) days during which time the State of Oklahoma, by whatever procedure it deems appropriate, may grant Petitioner leave to appeal out of time and provide him assistance of counsel. If the State grants Petitioner leave to appeal out of time, the Court shall dismiss the Petition. If, however, the State fails to grant the appeal within ninety (90) days from the date of the issuance of this Judgment, the writ shall issue releasing Petitioner.

Doc. 24.

Respondent now moves the court to clarify or modify its Judgment to instruct Petitioner he must file an application for post-conviction relief seeking an appeal out of time in the district court. Doc. 25. Respondent also asks the court to clarify Petitioner is entitled to counsel *after* he is granted permission to appeal out of time, and not during the application process. *Id.* Petitioner objects, arguing the court's order clearly placed the burden on the State to grant him an appeal out of time and to appoint him counsel. Doc. 26. Judge DeGiusti referred Respondent's motion to the undersigned, Doc. 27, and the undersigned recommends the court GRANT it.

I. **Analysis.**

To obtain an appeal out of time in Oklahoma, a petitioner must file an application for post-conviction relief, requesting an appeal out of time, in the district court of his conviction. *See* Rule 2.1(E)(1), Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch. 18., App. (2016). If the trial court makes a favorable recommendation, the petitioner must then "file a petition for an appeal out of time [in the Oklahoma Court of Criminal Appeals (OCCA)] within thirty (30) days from the date the trial court's ruling was filed with the trial court clerk." *Id.* If the trial court denies the request to appeal out of time, the petitioner may appeal to the OCCA. *See id.*; *see also*

2

Rule 5.2(C), Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch. 18, App. (2016).

This Court notified the State it may grant Petitioner an appeal out of time or the court could release him. But as Respondent argues, the State cannot grant what does not exist. In other words, Petitioner must first file an application for post-conviction relief, seeking an appeal out of time, in the Greer County District Court. If he is successful in that court, he must then file a petition for an appeal out of time in the OCCA, or, if he is unsuccessful, he must then appeal to the OCCA. At that juncture, and in accordance with this Court's Judgment, the OCCA may either grant Petitioner an appeal out of time or, if it declines, the court will order Petitioner's release. Only if the OCCA grants Petitioner an appeal out of time will he be entitled to counsel. *See* Okla. Stat. tit. 22, §§ 1360(B) (stating the Oklahoma Indigent Defense System (OIDS) "shall not be appointed to represent indigents in proceedings for postconviction relief" unless certain unrelated exceptions apply); 1363 (stating OIDS "shall be prohibited from accepting any appeal, unless [the petitioner] . . . has pursued and been granted the authority for an appeal out of time . . . .").

## II. **Appropriate modification**.

The court presumed Petitioner understood his role; however, his confusion is understandable. So, the undersigned recommends the court modify its Judgment to hold:

(1) Petitioner shall file an application for post-conviction relief, seeking an appeal out of time, in the Greer County District Court. The Court recommends Petitioner file this application within approximately twenty (20) days of the Judgment's date. Petitioner shall attach this Court's order to his pleading.

(2) The parties shall notify the Court as to the status of the filing of Petitioner's application for post-conviction relief, seeking an appeal out of time.

(3) If the trial court recommends Petitioner be granted an appeal out of time, Petitioner shall file a petition to appeal out of time in the Oklahoma Court of Criminal Appeals (OCCA).

(4) If the trial court denies Petitioner's application to appeal out of time, Petitioner shall appeal to the OCCA.

(5) In either instance (3) or (4), Petitioner must be mindful of his duties and deadlines as set forth in Rules 2.1(E) and 5.2(C), Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch. 18, App. (2016).

(6) The OCCA may grant Petitioner leave to appeal out of time and, if it does, Respondent shall facilitate appointment of the Oklahoma Indigent Defense System to represent Petitioner on appeal. If the OCCA grants Petitioner leave to appeal out of time, the court shall dismiss the Petition.

(7) If the OCCA fails to grant Petitioner leave to appeal within thirty (30) days from the date Petitioner files his petition and/or appeal with the OCCA, the writ shall issue releasing Petitioner.

(8) The parties shall notify this Court as each of the above stages is completed.

(9) Respondent is ordered to timely notify the court as to the OCCA's orders regarding Petitioner's filings.

(10) This case is held in abeyance until further order from the court.

### III. Recommended ruling and notice of right to object.

The undersigned recommends the court grant Respondent's motion to clarify, Doc. 25, and modify the Judgment as described above.

The undersigned advises the parties of their right to object to this report and recommendation by December 21, 2016, under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). The undersigned further advises the parties that failure to make timely objection to this report and recommendation waives their right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This report and recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter and terminates the referral.

Entered this 1st day of December, 2016.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE